

# NUMBER 13-10-00298-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ELROY GRIFFIN,**                                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion Per Curiam**

Appellant, Elroy Griffin, attempted to perfect an appeal from a conviction for aggravated robbery. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on April 1, 2010. No motion for new trial was filed. Notice of appeal was filed on May 19, 2010. On May 27, 2010, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected.

Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has responded to this notice by filing a motion for extension of time to file notice of appeal.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Although the notice of appeal herein was filed within the fifteen-day time period, the motion for extension of time was not filed within the fifteen-day time period. Accordingly, appellant's motion for extension of time to file notice of appeal is hereby DENIED.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the

2

availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240

(Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of June, 2010.